JOSEPH H. HARTLEY

*v.*

STATE OF ILLINOIS.

*Opinion filed November 28, 1922.*

RESPONDEAT SUPERIOR—*when State not liable.* The State is not liable for injuries sustained by its employees in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*when allowance will be made.* While no liability exist against the State for injuries sustained by its employees while in the discharge of their duty, yet as an act of social justice and equity, where the circumstances of the case justify, the court may recommend to the Legislature an allowance of compensation to claimant.

Edward J. Brundage, Attorney General, for State.

The claimant in this case was injured by being struck by lightning on June 10th, 1921, while in the employ of the State of Illinois as a foreman in the instaling of sewers and other like work at the new Illinois State Penitentiary then in course of construction at Joliet, Illinois. The evidence shows that the place at which the injury was received was especially attractive to lightning by reason of the existence of a high tension electric transmission wire and 66,000 volt electric transformer in the immediate vicinity together with the facts that the east wall of the penitentiary which is re-enforced with steel and iron was within some two hundred feet of the spot at which the accident occurred and that the place where the claimant was working was low and damp and that a pool of water stood nearby. It further appears that the claimant prior to the time he was struck by lightning appeared strong and healthy, had working and industrious, and was reputed to be one of the hardest working men at the penitentiary, and that subsequent to the injury he seems to become tired and fatigued easily and frequently ceases work to rest and is nervous and easily excited. His left side was almost completely paralyzed by the shock and this paralysis continued for several days but gradually improved. Testimony of the physician who treated the claimant was that his central nervous system was almost shattered; that he is very nervous and at times hardly able to control himself and that in the opinion of the witness, a part of the nerve cells of the claimant were destroyed and it is questionable whether he will ever recover and the witness is inclined to the opinion that he will not. It is admitted by the State that the employment of the claimant was extra hazardous, that the injury arose in the course of his employment and it is not disputed that it arose out of his employment.

A demurrer to the legal liability of the State was interposed and following our practise in these cases based upon clearly recognized

doctrines of law the demurrer sustained. However, it is also the practise of this Court in seeking to comply with the requirements of equity and social justice to recommend an allowance in cases of this kind where we must hold as we do here that there is a moral responsibility upon the State. Our only further concern is as to the amount which the claimant should be entitled to receive. Claimant is 41 years of age and resides with his family which consists of his wife and four children. The evidence shows that the claimants employment with the State and his salary have not been affected by the injury. He is still receiving a salary of $200.00 per month, the same that he received at the time of the injury. While there is therefore no showing that the claimant is not earning as much as he did before the injury yet the facts of the case clearly indicate that his earning power is actually not as great and were he to lose his employment with the State he would doubtless be unable to secure employment at the salary he is now receiving from the State. The evidence shows that before the injury the claimant was a hoisting engineer and that due to the impairmen of his nervous system as a result of the injury he is no longer able to obtain employment as such. We do not consider however that the injury is such as to entitle claimant to a compensation equal to the maximum amount which he would receive if compensation were computed in accordance with the rules of the Workmen's Compensation Act. We have considered what in our judgment would be a proper allowance in view of all the facts in this case and it is recommended therefore by the Court that the sum of fifteen hundred dollars be allowed by the State of Illinois and paid to the claimant.